IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00558-BNB

TERRY L. NICHOLS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
JANE DOE,
MICHAEL NALLEY,
MS. PERRY,
RON WILEY,
ROD BAUER,
DR. LAWRENCE LEYBA, M.D.,
DR. STEPHEN NAFZIGER, M.D.,
N. GLADBACH,
M. A. KELLAR,
M. SCHIEFELBEIN,
UNKNOWN ADX STAFF ACTORS,
MR. JONES (DERRICK),
DARRON GALL, and
KEITH POWLEY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 23 2009

GREGORY C. LANGHAM
                        CLERK

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Terry L. Nichols is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence in Florence, Colorado. Mr. Nichols has filed a *pro se* Prisoner Complaint. On March 30, 2009, he filed a Motion for Preliminary Injunction.

The Court must construe liberally the Motion for Preliminary Injunction because Mr. Nichols is representing himself. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. *See **Hall***, 935 F.2d at 1110. For the reasons stated below, the Motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See **Lundgrin v. Claytor***, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Nichols fails to allege specific facts that demonstrate he is facing immediate and irreparable injury or a likelihood that he would prevail on the merits. His claims are based on alleged pain and suffering due to inadequate amounts of insoluble fiber in his diet. The claims are conclusory and vague.

For the most part, the Motion for Preliminary Injunction is a recitation of applicable law and contains no specific allegations of the immediate and irreparable injury that Mr. Nichols is incurring because he lacks insoluble fiber in his diet. Mr. Nichols claims that his medical issue has been ongoing for thirty years. For the past four years, he has been incarcerated at USP in Florence, where he claims he is being denied a proper diet. Mr. Nichols, nonetheless, waited over four years to present the diet issue to this Court and to request a preliminary injunction. Therefore, nothing in the

Motion for Preliminary Injunction indicates Mr. Nichols is facing immediate and irreparable injury. Accordingly, it is

ORDERED that the Motion for Preliminary Injunction (Doc. # 4), filed on March 30, 2009, is denied. It is

FURTHER ORDERED that Mr. Nichols' "Motion Requesting Court to Serve-Complaint . . . ." (Doc. # 6), filed on March 30, 2009, is denied as premature and unnecessary. It is

FURTHER ORDERED that Mr. Nichols' Motion to Add Certificate of Service (Doc. # 7), filed on March 30, 2009, is denied as unnecessary. The Court notes the Certificate of Service attached to the Motion to Add is properly filed.

DATED at Denver, Colorado, this 22 day of April, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00558-BNB

Terry L. Nichols
Reg. No. 08157-031
ADX - Florence
PO Box 8500
Florence, CO 81226


    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk