IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-00558-CMA-CBS

TERRY L. NICHOLS,

 Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
MICHAEL NALLEY,
RON WILEY,
ROD BAUER,
DR. STEVEN NAFZIGER, M.D.,
DERRICK JONES, and
KEITH POWLEY,

 Defendants.

## ORDER DENYING MOTION REQUESTING
## DISQUALIFICATION OF DISTRICT JUDGE

This matter is before the Court on *pro se* prisoner Plaintiff Terry L. Nichols's Motion Requesting Disqualification of District Judge (Doc. # 114). For the following reasons, the Motion is DENIED.

### I. BACKGROUND

At this juncture, the Court presumes that the parties are well-versed in the facts of this case. Therefore, the Court discusses only those facts that are necessary to address the instant Motion. A more detailed recitation of the factual and procedural background is set out in a June 22, 2010 Recommendation of United States Magistrate

Judge Craig B. Shaffer (Doc. # 107), which the Court incorporated, by reference, into an Order dated August 12, 2010 (the "August 12 Order"). The August 12 Order triggered the instant Motion.

Plaintiff Terry Nichols is incarcerated at the United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado, serving a life sentence for his role in the 1995 bombing of federal buildings in Oklahoma City, Oklahoma. On March 16, 2009, Plaintiff filed an initial complaint, which he amended twice. Plaintiff filed his Second Amended Complaint (the "Complaint") on August 27, 2009. (Doc. # 67.) In that Complaint, Plaintiff asserted three claims, including a free exercise of religion claim under the First Amendment (Claim 2) and a religious discrimination claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb to b-4 (Claim 3). Both of these religious-based claims were against the Federal Bureau of Prisons (the "BOP"), Harley Lappin, Michael Nalley, Ron Wiley, and Keith Powley.

On June 22, 2010, Magistrate Judge Shaffer recommended dismissal of Plaintiff's First Amendment claim against all the aforementioned Defendants **except for** the BOP. (Doc. # 107 at 40-41.) He also recommended dismissal of Plaintiff's RFRA claim against Defendants Lappin and Nalley for lack of personal jurisdiction, **but not** against the BOP, Wiley, and Powley. (*Id.*)

On July 12, 2010, Plaintiff filed Objections to the Recommendation, which Objections concerned the recommended dismissal of Plaintiff's first claim for relief

(an Eighth Amendment claim), which was not religious-based. (Doc. #108 at 207). Plaintiff did not object to the Recommendation as it related to his religious-based claims.

On August 12, 2010, this Court issued an "Order Adopting in Part and Overruling in Part [Magistrate Judge Shaffer's Recommendation]" (the "August 12 Order"). (Doc. # 110.) In that Order, this Court determined, in pertinent part, that Plaintiff's claims should be dismissed in their entirety, due to Plaintiff's failure to state plausible First Amendment and RFRA claims.

On August 26, 2010, Plaintiff filed the instant Motion Requesting Disqualification of District Judge (the "Disqualification Motion"), pursuant to 28 U.S.C. §§ 144 and 455 (Doc. # 114), which he supplemented on August 30 (Doc. # 115).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further in a proceeding "[w]henever a party to [such proceeding] makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" That provision further states, "[t]he affidavit shall state the facts and the reasons for the belief that bias or prejudice exists[.]"

28 U.S.C. § 455(a) states, "Any [ ] judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality **might reasonably** be questioned." (Emphasis added). "[W]hat matters is not the reality of bias or prejudice but its

3

appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The court must determine "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal quotations and citations omitted). The decision to recuse is within a court's sound discretion. *Id*. The moving party bears the "substantial burden" of demonstrating that the assigned judge is not impartial, and supporting affidavits "are strictly construed against the affiant." *Id*. "[C]onclusions, **rumors, beliefs**, and opinions are not sufficient to form a basis for disqualification." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (emphasis added) (citing *Berger v. United States*, 255 U.S. 22 (1921)). "Unsupported, irrational, or highly tenuous speculation" are also insufficient. *Id*. The statute should not be used as a veto power over judges or as a "judge shopping device." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

In the instant case, Plaintiff seeks disqualification of the undersigned due to alleged prejudice and partiality. In support, Plaintiff submitted a Declaration in which he contends that the undersigned may be biased or prejudiced against him because: (1) the media consistently provides negative coverage of him, which negatively "influences public perception and personal views," (2) a fellow inmate suggested that, although the undersigned is "fairminded," "she's bias [sic] and prejudice [sic] against [Plaintiff], and is making sure [he] will not get any type of relief," (3) the Oklahoma City

4

bombing severely damaged and/or destroyed various federal buildings and seriously damaged at least one or more judge's chambers, and (4) "[u]pon information and belief, [the undersigned] <u>may</u> know or had known someone professionally, and/or personally, and/or has/had a relative who was injured, died, and/or traumatized by the [ ] bombing that in turn would affect her professional judgment." (Doc. # 114, ¶¶ 11, 14-15, 25, 28; emphasis added.)

In further support, Plaintiff cites to *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995), in which he successfully obtained the disqualification of the presiding judge, Judge Wayne E. Alley of the Western District of Oklahoma. However, *Nichols v. Alley* is clearly distinguishable from the instant matter. In that case, the Tenth Circuit identified numerous reasons – none of which are at issue here – why a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," including the fact that Judge Alley's courtroom and chambers were proximate to the epicenter of the Oklahoma City bombing and were significantly damaged by the bombing, and a member of Judge Alley's staff suffered injuries. *Id.* at 352. Accordingly, the Tenth Circuit referred the litigation to the Circuit's Chief Judge for reassignment. *Id.* at 353.

Plaintiff also cites to *United States v. Cooley*, 1 F.3d 985 (10th Cir. 1993). However, that case is also distinguishable from the instant matter. In *Cooley*, the district judge who was subjected to disqualification had made comments on national television on matters related to a case pending before him. The Tenth Circuit

5

concluded that "the judge's expressive conduct in deliberately making the choice to appear in such a forum at a sensitive time to deliver strong views on matters which are likely to be ongoing before him . . . unavoidably created the appearance" that the judge had become partial, "rather than remaining as a detached adjudicator." *Id.* at 995. In the instant case, the undersigned has not engaged in any conduct that would create the appearance of partiality. To hold that an unfavorable ruling evidences partiality flies in the face of logic and undermines the independence of the judiciary.

Plaintiff's Disqualification Motion is deficient in many respects. First, Plaintiff's Motion, Declaration, and Supplement are replete with speculation, which is highlighted by Plaintiff's contention that, "[u]pon information and belief" the undersigned "may know" Oklahoma City bombing victims. (Doc. # 114, ¶ 25.) Second, Plaintiff relies on a rumor, namely a fellow inmate's suggestion of bias, regarding the undersigned's partiality. (*Id.*, ¶ 14.) Third, contrary to Plaintiff's allegations, the undersigned does not have any family, friends, acquaintances, or colleagues who were killed or injured in the Oklahoma City bombing and does/did not otherwise personally know any of the bombing victims. Plaintiff further accuses the undersigned of partiality because (1) "people who are in the same profession and/or belong to the same organization tend to develop special bonds with one another"[1] and (2) the undersigned "is a woman . . . [a]nd due to a woman's

---

[1] Doc. # 115 at 3, n.2 (further stating, "And when one member or associate is attacked or harmed in any way the other members or associates may take it as a personal attack on themselves as well. This may very well be the case with Judge Arguello[.]").

natural [ ] mothering instincts[,] [the undersigned] would have even more animosity toward those convicted of the [Oklahoma City] bombing[.]" (Doc. # 115 at 3 n.2, 5-6.)

The Court finds that Plaintiff has failed to bear the "substantial burden" of demonstrating that the undersigned is not impartial. Plaintiff's "factual support" is nothing more than highly tenuous speculation, conjecture, rumor, and belief. Therefore, Plaintiff's Motion Requesting Disqualification of District Judge (Doc. # 114) is DENIED.

DATED: September  8 , 2010

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge