## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 09-cv-00558-CMA-CBS

TERRY L. NICHOLS,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
MICHAEL NALLEY,
RON WILEY,
ROD BAUER,
DR. STEVEN NAFZIGER, M.D.,
DERRICK JONES, and
KEITH POWLEY,

    Defendants.

---

## ORDER DENYING RULE 59(e) MOTION TO ALTER
## OR AMEND CLERK'S JUDGMENT

---

    This matter is before the Court on a Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 112), filed by *pro se* prisoner Plaintiff Terry L. Nichols. For the following reasons, the Motion is DENIED.

**I.    BACKGROUND**

At this juncture, the Court presumes that the parties are well-versed in the facts of this case. Therefore, the Court discusses only those facts that are necessary to address the instant Motion. A more detailed recitation of the factual and procedural background is set out in a June 22, 2010 Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 107), which the Court incorporated, by reference, into an Order dated August 12, 2010 (the "August 12 Order"). The August 12 Order triggered the instant Motion, as well as a Motion Requesting Disqualification of District Judge (Doc. # 114), which the Court denied on September 8, 2010 (Doc. # 116).

Plaintiff Terry Nichols is incarcerated at the United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado, serving a life sentence for his role in the 1995 bombing of federal buildings in Oklahoma City, Oklahoma. On March 16, 2009, Plaintiff filed an initial complaint, which he amended twice. Plaintiff filed his Second Amended Complaint (the "Complaint") on August 27, 2009. (Doc. # 67.) In that Complaint, Plaintiff asserted three claims, including a free exercise of religion claim under the First Amendment (Claim 2) and a religious discrimination claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb to b-4 (Claim 3). Both of these religion-based claims were against the Federal Bureau of Prisons (the "BOP"), Harley Lappin, Michael Nalley, Ron Wiley, and Keith Powley. In pertinent part, Plaintiff contended that, as a Christian, he must adhere to a high fiber diet of whole

foods. (*See, e.g.*, *id.* at 6-7[1]) ("Plaintiff sincerely believes that God created mankind to consume unrefined whole-grains and living foods with its natural insoluble fiber intact to work in a synergistic way to keep Plaintiff's body, *i.e.*, God's holy temple, in good health to ward off diseases.") (internal footnotes omitted). Plaintiff asserted that none of the five meal options available at ADX contain "enough 100% whole-grain foods, fresh raw unpeeled vegetables and fresh unpeeled fruits," and, as a result he is "compelled to consume much refined and dead foods daily," in violation of his Christian beliefs and in contravention of God's will. (*Id.* at 7.) Plaintiff further asserted that he has suffered "painful physical effects," such as constipation, hemorrhoids, bleeding, and cramps, due to his being forced to consume foods that are not pleasing to God. (*Id.* at 5 n.1, 19.) Accordingly, Plaintiff asserted that Defendants violated his right to free exercise of religion under the First Amendment and engaged in religious discrimination, in violation of the RFRA.

On June 22, 2010, Magistrate Judge Shaffer, following review of Defendants' various Motions to Dismiss, recommended dismissal of Plaintiff's First Amendment claim against all the aforementioned Defendants **except for** the BOP. (Doc. # 107 at 40-41.) He also recommended dismissal of Plaintiff's RFRA claim against Defendants Lappin and Nalley for lack of personal jurisdiction, **but not** against the BOP, Wiley, and Powley. (*Id.*)

---

[1] All page number references are to the numbering used by the Court's CM/ECF docketing system and not to the document's original numbering.

On July 12, 2010, Plaintiff filed Objections to the Recommendation, which Objections concerned the recommended dismissal of Plaintiff's first claim for relief (an Eighth Amendment claim), which was not religion-based. (Doc. # 108 at 207.) Plaintiff did not object to the Recommendation as it related to his religion-based claims.

On August 12, 2010, this Court issued an "Order Adopting in Part and Overruling in Part [Magistrate Judge Shaffer's Recommendation]" (the "August 12 Order"). (Doc. # 110.) In that Order, this Court determined, in pertinent part, that Plaintiff's claims should be dismissed in their entirety, due to Plaintiff's failure to state plausible First Amendment and RFRA claims.[2] In particular, the Court reasoned that Plaintiff failed to allege sufficient facts to show that Defendants' meal program substantially burdened Plaintiff's exercise of his religious faith. (*Id.* at 19-22.) Further, in drawing all reasonable inferences from Plaintiff's Complaint, the Court concluded that his adoption of a whole foods diet was for health reasons, rather than for religious reasons and, therefore, his stated beliefs were not **genuinely** religious in nature. (*Id.* at 18) (noting that Plaintiff adhered to a daily diet high in insoluble fiber of whole foods dating back as

---

[2] The Court further noted that Plaintiff's First Amendment claim against Defendant Keith Powley was barred by the two-year statute of limitations because Plaintiff did not initiate this action until March 2009, even though his administrative appeals were denied as late as November 27, 2006. (*Id.* at 22-23.)

early as 1984, upon the recommendation of a surgeon, but Plaintiff did not become a Christian until June 1996, twelve years later).³

On August 26, 2010, Plaintiff filed a Motion Requesting Disqualification of District Judge, pursuant to 28 U.S.C. §§ 144 and 455 (Doc. # 114), which he supplemented on August 30 (Doc. # 115). The Court denied that Motion. (Doc. # 116.)

Two days prior, on August 24, 2010, Plaintiff filed the instant Rule 59(e) Motion to Alter or Amend Judgment, which he supplemented on August 26.⁴ (Doc. ## 112, 113.) Defendants responded on September 17, 2010. (Doc. # 117.)

## II. ANALYSIS

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are

---

³ While reaching this conclusion, the Court acknowledged Tenth Circuit authority stating that <u>sincerity</u>, as opposed to genuineness, of one's beliefs is "almost exclusively a credibility assessment." (*Id.* at 18 n.13 (quoting *Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007)). Further, the Court explained that it was not "questioning the truth of God's purported dietary requirements for Christians," but rather it found "Plaintiff's own allegations render his religious belief-based claims suspect. In viewing the Complaint as a whole, the health-based motivation for his adoption of the at-issue diet is readily apparent. The religious/spiritual motivation for this diet is far less apparent[.]" (*Id.*)

⁴ Plaintiff merely supplemented his Rule 59(e) Motion to adopt and incorporate the since-denied Motion Requesting Disqualification of District Judge and supporting Declaration. (Doc. # 113 at 1.)

those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error[5] or prevent manifest injustice.[6]  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (stating that a Rule 59(e) motion should be granted only to correct manifest errors[7] of law or to allow a party to present newly discovered evidence).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the instant case, Plaintiff timely filed the instant Motion just 12 days after the Court issued its August 12 Order dismissing Plaintiff's claims.  (Doc. # 112; Supplemental Motion, Doc. # 113.)  In pertinent part, Plaintiff asks the Court to alter or amend its August 12 Order because the Court "misunderstood the facts, Plaintiff's

---

[5]  "Clear error" is defined as, "A trial judge's decision or action that appears to a reviewing court to have been **unquestionably** erroneous."  BLACK'S LAW DICTIONARY 243 (2d pocket ed. 2001) (emphasis added).

[6]  "Manifest injustice" is defined as, "An error in the trial court that is direct, **obvious**, and observable. . . ."  BLACK'S LAW DICTIONARY 436 (2d pocket ed. 2001) (emphasis added).

[7]  "Manifest error" is defined as, "An error that is **plain and indisputable**, and that amounts to a complete disregard of the controlling law or the credible evidence in the record."  BLACK'S LAW DICTIONARY 243-44 (2d pocket ed. 2001) (emphasis added).

arguments, and/or controlling law." (Doc. # 112 at 1.) However, having reviewed the August 12 Order, the Court finds no error contained therein. Even if another court might have reached the opposite conclusion (*i.e.*, determined that Plaintiff adequately alleged plausible religious rights violations), any errors in the Court's prior analysis are not unquestionable, obvious, or plain and indisputable.

In the instant Motion, Plaintiff has still failed to allege plausibly that the diet provided at the ADX imposes a "substantial burden" on his religion. As this Court previously stated, "a 'substantial burden' is one that (1) **significantly** inhibits or constrains a plaintiff's religious conduct or expression; (2) **meaningfully** curtails a plaintiff's ability to express adherence to his faith, or (3) denies the plaintiff **reasonable** opportunity to engage in fundamental religious activities." (Doc. # 110 at 20 (citing *Wares v. Simmons*, 524 F. Supp. 2d 1313, 1320 n.9 (D. Kan. 2007))[8]. Although Plaintiff has alleged that the ADX meal program inhibits, constrains, or curtails his religious exercise, Plaintiff's allegations concerning the **significance** and **meaningfulness** of such inhibitions or constraints are conclusory at best and lacking at worst. As noted in the Court's August 12 Order, Plaintiff simply complains that his meals do not contain "enough 100% whole-grain foods, fresh raw unpeeled vegetables and fresh unpeeled fruits[.]" (Doc. # 67, ¶ 21; n.21) (cited in Doc. # 110 at 21). As with the plaintiff in *Barner v. Marberry*, No. 07-98, 2008 WL 3891264 (W.D. Penn. Aug. 18, 2008), Plaintiff is

---

[8] The Tenth Circuit applies this "substantial burden" test to both First Amendment free exercise and RFRA claims. *See* 524 F. Supp. 2d at 1320 n.9.

essentially challenging the nutritional content of his meals, which challenge does not amount to an actionable religious rights claim under either the First Amendment or the RFRA.  Further, "the right to practice one's religion while in prison is not absolute." *Barner*, 2008 WL 3891264, at *4 (citing *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987)). Moreover, the significance of any purported burden is belied by that fact that Plaintiff did not initiate the instant lawsuit until **more than two years** after his administrative appeals were denied.

Accordingly, IT IS ORDERED THAT Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Doc. # 112) is DENIED.

DATED:  November   30  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge